GReen, J.
delivered the opinion oí the court.
In this case an execution had been issued reciting the judgment of plaintiff against defendant, as having been rendered the 31st day of July, 1-S29, which was returned satisfied. The plaintiff then .caused another execution to issue, reciting the judgment correctly, as having been rendered the 31st day of July, 1828. The defendant obtained a supersedeas and removed the cause by certiorari into the county court, where, upon proof that the money paid on the first execution was in fact paid in satisfaction of the plaintiff’s judgment obtained in 1S28, and that he had, in truth, no such judgment as that recited in the first execution, the county court quashed the execution, except as to $4, the sum found to be still due. This proceeding was regular, and the county court judgment was correct. The audita querela to relieve a defendant- from an execution, where the matter of discharge has been subsequent to the judgment, is an obsolete remedy, and has been substituted in modem practice by the motion. Smack vs. Dade, 5 Ran. Rep. 639. The cer-tiorari was the proper process by which to bring the execution into the county court for the purpose of enabling the defendant to make his motion. Peck’s Rep. The *187 judgment of the county court quashing the execution ex- * . .1 r 1 ni , , cept as to the lour dollars was correct, and the proce-dendo properly awarded to the justice; but that part of the judgment of the county court which gives costs against the defendant, is clearly erroneous. The plaintiff caused the execution to issue for the whole amount of the debt, after having received on the first execution all but the ‡4. He told the constable to collect only the interest which was due: but this was his private directions to the officer, of which the defendant knew nothing; his proceeding by cer-tiorari and motion to quash, was proper, in order to save himself from having to pay the whole debt again. He succeeded by the judgment of the court in his motion, the court quashing the execution except as to the $4; he ought to have had, therefore, a judgment for costs in his favor. This is not like the case of an appeal, where the judgment, though for a less amount than that rendered in the court below, yet being still against the defendant, the costs follow the cause. Here the defendant below succeeded in his motion to quash the execution, and although they awarded a procedendo to the justice to proceed in the execution of his judgment for the four dollars, yet the execution, about which the motion was made, was quashed. The circuit court, in affirming the judgment of the county court, have committed the same error. The judgment will be reversed; and proceeding to give such judgment as the circuit court should have given, this court reverse the judgment of the county court, and adjudge that the defendant in error pay the costs of the county and circuit courts, and also the costs of the appeal to this court, and that the defendant in error have his execution on his judgment before the justice for the said sum of four dollars, and interest thereon from the time of the rendition of the judgment in the county court.
G. S. Yerger, for plaintiff in error.
Combs, for defendant.
Judgment reversed,